NEWMAN, Circuit Judge,
dissenting.
I respectfully dissent from the en banc ruling that is inserted into this panel opinion at Section II.C.l. The court en banc changes the law and practice of 35 U.S.C. § 112 paragraph 6, by eliminating the statutory signal of the word “means.” The purpose of this change, the benefit, is obscure. The result, however, is clear: additional uncertainty of the patent grant, confusion in its interpretation, invitation to litigation, and disincentive to patent-based innovation.
Curiously, the court acknowledges that it “has long recognized the importance of the presence or absence of the word ‘means.’ ” Maj. Op. at 1348. Nonetheless, the court rejects the meaning and usage of “means” to signal means-plus-function claim construction. The court now overrules dozens of cases referring to a “strong presumption” of means-plus-funetion usage, and goes to the opposite extreme, holding that this court will create such usage from “[gjeneric terms such as ‘mechanism,’ ‘element,’ ‘device,’ and other nonce words.” Maj. Op. at 1350. In the case before us, the so-called “nonce” word is “module.” Thus the court erases the statutory text, and holds that no one will know whether a patentee intended means-plus-function claiming until this court tells us.
I dissent from the majority’s reasoning and the majority’s holding that “distributed learning control module” falls under paragraph 6. I express no opinion on the ultimate validity of the claim; the claim must stand or fall on its merit, but does not fall under paragraph 6.
I urge the court to recognize that it is the applicant’s choice during prosecution whether or not to invoke paragraph 6, and the court’s job is to hold the patentee to his or her choice. This approach is clear, easy to administer by the USPTO in examination and the courts in litigation, and does no harm, for patent applicants know how to invoke paragraph 6 if they choose.

The statute is clear

When the statute is clear, judicial interpretation is unnecessary. See Sebelius v. Cloer, — U.S. -, 133 S.Ct. 1886, 1896, 185 L.Ed.2d 1003 (2013) (“[R]ules of thumb give way when the words of a statute are unambiguous ... ”) (internal quotations omitted); Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 296, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006) (“When the statutory ‘language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms.’ ”) (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6,120 S.Ct. 1942, 147 L.Ed.2d 1 (2000)); Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999) (“As in any case of statutory construction, our analysis begins with the language of the statute. And where the statutory language provides a *1359 clear answer, it ends there as well”) (internal citations and quotations omitted); Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992) (“[W]hen a statute speaks with clarity to an issue judicial inquiry into the statute’s meaning, in all but the most extraordinary circumstance, is finished.”).
35 U.S.C. § 112 paragraph 6 authorizes and limits the claiming of a function:
¶ 6 An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.
(Boldface added. Paragraph 6 was redes-ignated paragraph “f” in 2012 — I retain the earlier designation here, for concordance with precedent.).
The statute is clear. To claim an element by the function performed, the element is “expressed as” a “means for,” as the statute provides. The court’s holding that “distributed learning control module” is “a means-plus-function claim term despite the absence of the word ‘means’,” maj. op. at 1350, is not only unclear — it also violates the statute. •
The signal “means for” is clear — and is clearly understood
When the statutory signal “means for” is given, the entire patent-concerned community: the patent attorney, the patent examiner, the competitor, the infringer, the inventor, and the judge, know “the subject matter which the applicant regards as his invention,” 35 U.S.C. § 112 ¶ 2, and know how the means-plus-function term is required to be construed. When an applicant claims a “means for” performing a function, the statute limits the scope of the claim to the structure in the specification and its equivalents. With today’s en banc change of law, as the case sub judice illustrates, everyone must guess whether the claimed “module” is claimed as a function or an apparatus or something else, and whether it is to be limited by the “structure, material, or acts described in the specification and equivalents thereof.” 35 U.S.C. § 112, ¶ 6.
Until today, the signal “means for” instructed the claim interpretation. There was no ambiguity about how the claim was to be interpreted. I discern no groundswell for this change in the law of claiming — indeed, the public voice has been silent. I know of no legal or public interest servéd by introducing this uncertainty into claim construction. I urge the court to restore this claim construction to its clear and effective role.

Legislation by footnote

An unheralded footnote, announcing en banc change of law, without notice to and participation of the interested public, is not the optimum judicial path. There is indeed a need for judicial consistency concerning the construction of means-plus-function claims. The answer is not to strain the statute and reject consistency, but to enforce the statute as it is written.
We should act en banc to correct this departure from statute. If the statute is to be changed, that is not the judicial prerogative. Indeed, it is noteworthy that in eight years of congressional study of proposals for legislative change, culminating in the America Invents Act of 2012, the legislative record shows no proposal to depart from the “strong presumption” embodied in section 112 paragraph 6 and the statutory signal “means for.”

The burden is on the applicant, not the judge

The burden of determining whether paragraph 6 applies to a particular ele *1360 ment is on the applicant, not the court. As the Faber/Landis treatise states: “To be sure you are under section 112, paragraph 6, use the pure ‘means for ... ’ Other words lead to ambiguity and the need for the court to decide. Use of clear structure words avoids ambiguity.” Robert C. Fa-bek, Landis on Mechanics of Patent Claim DRAFTING at 3-201 (5th ed.2008).
The Donner treatise teaches by example:
For example, suppose an invention relates to a new television set. The television set includes a new transistor-based picture tube, as well as other new features. The picture tube can be recited .two ways in the claim for the television:
Standard claim element format:
A television, comprising: - A picture tube; ...
Means-plus-function format:
A television comprising:
Picture tube means for displaying a television picture; ...
Irah H. Donner, Patent Prosecution: PRACTICE AND PROCEDURE BEFORE THE U.S. Patent and Trademark Office at 46^47 (2d ed.1999).
My colleagues protest that the statutory presumption of “means” “has resulted in a proliferation of functional claiming untethered to § 112, para. 6 and free of the strictures set forth in the statute.” Maj. Op. at 1349. This is an indictment of the court’s fidelity to the statute, not a flaw in the statute itself. The court’s reasoning today that there is no “algorithm” for “module” in the specification, and the word “module” is a “nonce word” for “means,” and thus the claim is written in accordance with paragraph 6, is not easy to fathom.

The enactment in 1952

This paragraph was enacted to overturn several Supreme Court rulings rejecting “functional” claiming. The statute authorizes claiming a function or step in a combination, while safeguarding against the Court’s stated concerns. P.J. Federico’s Commentary explains:
The last paragraph of section 112 relating to so-called functional claims is new. It provides that an element of a claim for a combination (and a combination may be not only a combination of mechanical elements, but also a combination of substances in a composition claim, or steps in a process claim) may be expressed as a means or step for performing a specified function, without the recital of structure, material or acts in support thereof.
P.J. Federico, Commentary on the New Patent Act, in 35 U.S.C.A. 1, 25 (West 1954), reprinted in 75 J. Pat. & Trademark Off. Soo’y 161 (1993).[1]
The Commentary made clear that the statute was intended to overrule some Court decisions:
It is unquestionable that some measure of greater liberality in the use of functional expressions in combination claims is authorized than had been permitted by some court decisions and that decisions such as that in Halliburton Oil Well Cementing Co. v. Walker, 329 U.S. 1, 67 S.Ct. 6, 91 L.Ed. 3 (1946), are modified or rendered obsolete, but the exact limits of the enlargement remain to be determined.
*1361 Id. Federico explained that paragraph 6 enlarges the opportunity to claim a function, but limits how that function is supported and construed:
The paragraph ends by stating that such a claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof. This relates primarily to the construction of such claims for the purpose of determining when the claim is infringed (note the use of the word “cover”), and would not appear to have much, if any, applicability in determining the patentability of such claims over the prior art, that is, the Patent Office is not authorized to allow a claim which “reads on” the prior art.
Id. at 26.
Thus this paragraph of the 1952 Act overruled the Halliburton case, which had been supported by earlier precedent, as the Court discussed. Halliburton, 329 U.S. at 10, 67 S.Ct. 6 (citing General Elec. Co. v. Wabash Appliance Corp., 304 U.S. 364, 371, 58 S.Ct. 899, 82 L.Ed. 1402 (1938) for the proposition that claims are indefinite for using “conveniently functional language at the exact point of novelty.”).
This paragraph established that an inventor could claim a function, and the “means for” signal entered the patent lexicon, where it has reposed ever since, as a universally understood signal of a functional claim.

The Examination Guidelines

The PTO Examination Guidelines instruct examiners and practitioners in accordance with law. The 2000 Guidelines dealt with means-plus-function claiming as follows:
The PTO must apply 35 U.S.C. 112 ¶ 6 in appropriate cases, and give claims their broadest reasonable interpretation, in light of and consistent with the written description of the invention in the application. [2] Thus, a claim limitation will be interpreted to invoke 35 U.S.C. 112 ¶ 6 if it meets the following 3-prong analysis:
(1) The claim limitations must use the phrase “means for” or “step for;”
(2) the “means for” or “step for” must be modified by functional language; and
(3) the phrase “means for” or “step for” must not be modified by structure, material or acts for achieving the specified function.
Supplemental Examination Guidelines for Determining the Applicability of 35 U.S.C. 112 ¶ 6, 65 Fed.Reg. 38510, 38514 (June 21, 2000). Endnote 2 cites In re Donaldson for “stating that 35 U.S.C. 112 ¶ 6 sets a limit on how broadly the PTO may construe means-plus-function language under the rubric of ‘reasonable interpretation’.” Id. at 38515. The Guidelines further explained:
With respect to the first prong of this analysis, a claim element that does not include the phrase “means for” or “step for” will not be considered to invoke 35 U.S.C. 112 ¶ 6. If an applicant wishes to have the claim limitation treated under 35 U.S.C. 112 ¶ 6, applicant must either: (1) Amend the claim to include the phrase “means for” or “step for” in accordance with these interim guidelines; or (2) show that even though the phrase “means for” or “step for” is not used, the claim limitation is written as a function to be performed and does not provide any structure, material, or acts which would preclude application of 35 U.S.C. 112 ¶ 6.
Id. at 38514.
The 2000 Guidelines place the burden for invoking paragraph 6 on the applicant by way of the “means” signal. Id. at 38514 (citing Notice, Means or Step Plus Function Limitation under 35 U.S.C. 112, ¶ 6, 1162 Offictal Gazette U.S. Pat. Off. *1362 59 (May 17, 1994)). The Revised Examination Guidelines in 2011 attempted to incorporate this court’s intervening decisions, for the Federal Circuit had begun its retreat from clarity. See Supplementary Examination Guidelines for Determining Compliance With 35 U.S.C. 112 and for Treatment of Related Issues in Patent Applications, 76 Fed.Reg. 7162 (Feb. 9, 2011).
Examiners are now instructed to scrutinize claims for “a nonce word or verbal construct that is not recognized as the name of a structure.” Id. at 7167 (citing Lighting World, 382 F.3d at 1360). The examiner is instructed to “determine whether the claim limitation uses a nonstructural term (a term that is simply a substitute for the term “means for”).” Id. (citing Welker Bearing Co. v. PHD, Inc., 550 F.3d 1090, 1096 (Fed.Cir.2008)). The examiner must guess whether the term is intended as a means-plus-function term, now that the court holds that the signal “means for” need not be used. Paragraph 6 has morphed from a clear legal instruction into a litigator’s delight.

Federal Circuit precedent, on and off

This court has recognized that the absence of “means for” signals the patentee’s intent not to invoke section 112, para. 6, and that this intent should not be rejected lightly. E.g., Apple Inc. v. Motorola, Inc., 757 F.3d 1286, 1297 (Fed.Cir.2014) (“We have repeatedly characterized this presumption as ‘strong’ and ‘not readily overcome’ and, as such, have ‘seldom’ held that a limitation without recitation of “means” is a means-plus-function limitation.”); Flo Healthcare Solutions, LLC v. Kappos, 697 F.3d 1367, 1374 (Fed.Cir.2012) (“Our cases make clear ... that the presumption flowing from the absence of the term ‘means’ is a strong one that is not readily overcome.”) (quoting Lighting World, Inc. v. Birchwood Lighting, Inc., 382 F.3d 1354, 1358 (Fed.Cir.2004)); Inventio AG v. ThyssenKrupp Elevator Americas Corp., 649 F.3d 1350, 1356 (Fed.Cir.2011) (“Thus, the presumption flowing from the absence of the term “means” is a strong one that is not readily overcome”); Al-Site Corp. v. VSI International, Inc., 174 F.3d 1308, 1318 (Fed.Cir.1999) (“[W]hen an element of a claim does not use the term “means,” treatment as a means-plus-function claim element is generally not appropriate.”); Personalized Media Communications, LLC v. International Trade Commission, 161 F.3d 696, 704 (Fed.Cir.1998) (“failure to use the word “means” creates a presumption that § 112, ¶ 6 does not apply.”). On this weighty precedent, the court’s en banc rejection of this simple signal is not readily understood.
The en banc court still permits use of the “means” signal, although without a “strong presumption” of significance. The result is fresh uncertainty, for the judge can invoke paragraph 6 although the pat-entee chose otherwise and wrote the specification and claims on a different legal standard.

All claims must meet the requirements of patentability

The court states its concern with overly broad interpretation of software claims. The court is not powerless to require software claims to comply with the statutory requirements of description, enablement, definiteness, unobviousness, etc. If there have been abuses, as the majority states, the remedy is hot to eliminate the statute, but to apply the statute.
Today’s ruling is an example. The court holds that the clause “distributed learning control module” is subject to paragraph 6 because “module” is a “nonce word.” The court then finds no “algorithm” for “module” in the specification, and invalidates the claim for failing to comply with paragraph 6. However, contrary to the apparent belief of the majority, the presence or *1363 absence of the paragraph 6 signal does not affect the requirements of patentability.
All claims must meet the requirements of patentability. Paragraph 6 is a statute of authorization and limitation; it does not annul the other provisions of the statute. The problem with today’s ruling is that the court has rejected the rigor and simplicity of paragraph 6 and the patentee’s intent, replacing it with arbitrary judicial subjectivity.
Conolusion
Paragraph 6 was designed to authorize and provide the rules for claiming a functional element or step. No purpose is served by discarding the statutory signal. The result is further inroad into stability of claim construction. I respectfully dissent.